HÉCTOR MANUEL MORALES, Plaintiff and Appellee, *v.* BOARD OF EXAMINERS OF ENGINEERS, Defendant and Appellant.

No. R-69-299.     Decided May 6, 1970.

<em>Gilberto Gierbolini, Solicitor General,</em> and <em>Peter Ortiz, Assistant Solicitor General,</em> for appellant. <em>Federico A. Cordero</em> for appellee.

Mr. Justice Santana Becerra delivered the opinion of the Court.

Appellee, Héctor Manuel Morales, filed a complaint in the Superior Court, San Juan Part, praying the court to order the Board of Examiners of Engineers, Architects, and Surveyors, to admit him to take an examination pursuant to the provisions of the Act about the matter, Act No. 399 of May 10, 1951. (20 L.P.R.A. § 681 <em>et seq.</em>)

Appellee alleged that he is a graduate of the course of engineering of the Indiana Technical College and had complied with all the requisites prescribed by the Act in order to be admitted to take the examination; that the Board, by a letter dated August 10, 1967, rejected his application for examination on the grounds that he was a graduate of a course not recognized by the Board; that on reconsideration, on October 6, 1967, the Board sustained its rejection and stated this time that the decisions taken by the prior Board were not necessarily in agreement with the view of the present Board.

Appellee alleged that the efficacy of the engineering course of the Indiana Technical College had been verified by the Board in admitting to examination graduates from said institution; that they were approved and appeared registered in the registry of the Board. That in admitting engineers Manuel Cabiya, Andrés Cabiya, and Antonio Rivera, graduates from the course of engineering of the Indiana Technical College, to examination, the Board adjudged that the duration of the engineering curriculum of said college is equivalent to that of 4 academic years of any school whose standing and degree of proficiency are accepted by the Board. Finally, appellee alleged that the refusal of the Board to admit him, another graduate of said college, to examination, violated the equal protection of the law to which he is entitled under the Constitution of the Commonwealth.

The Board of Examiners answered the complaint. It admitted its refusal to admit appellee to examination and denied his right to take it. The Board expressly accepted:

"That petitioner is a graduate from the engineering course of the Indiana Technical College, and that in the past there were engineers graduated from said course who were admitted to examination, which they approved, and therefore, they appeared registered in the corresponding Registry."

Among other special defenses it alleged that it had not recognized the course offered by the Indiana Technical College.

In the course of the suit, the appellee and petitioner before the Board requested that summary judgment be rendered on the ground that a real controversy did not exist between the parties as to any material fact, and that as a question of law it was proper to render judgment in his favor. He attached to his petition for summary judgment an interrogatory dated July 31, 1967, addressed to the Board and the latter's answer to said interrogatory of October 13, 1967.

To the question that during what period of time was the course of engineering of the Indiana Technical College approved by the Board, the Board answered that never. To the question as to whether Manuel Cabiya, Andrés Cabiya, and Antonio Rivera were admitted to examination by the Board, the latter answered yes, in 1956 and 1957. To questions 3 and 4 as to whether said gentlemen approved the examination and whether they were issued licenses to practice the profession of engineering in Puerto Rico, the Board answered yes. The fifth question as to in what school did said gentlemen study the course of engineering, the Board answered that in the Indiana Technical College. To the last question concerning the documents, if any, where it appeared that at the time during which said gentlemen studied the course of engineering and were admitted to examination by the Board, said course had been approved by the latter, the Board answered that none.

Besides the foregoing documents, appellee's sworn statement, where the facts stated in his foregoing allegations of the complaint are substantially reproduced, was attached to the petition for summary judgment.

The Board objected to the petition for summary judgment on the grounds that since it had alleged that the course offered by the Indiana Technical College had not been recog-

nized by the Board of Examiners of Engineers, Architects, and Surveyors, a controversy existed between the parties about an essential fact.

On October 8, 1969, the trial court rendered summary judgment. The court relied fundamentally on the technical-procedural aspect that the Board had not challenged the motion about summary judgment in the adequate manner required by the applicable rules and regulations of the case law. It understood that no real controversy existed as to the facts, and as a question of law, it rendered summary judgment in appellee's favor where it ordered the Board to proceed to admit him to take the examination pursuant to the applicable provisions of law.

We issued a writ of review to consider said judgment. The Board made five assignments of error, the first four of which refer to the technical-procedural aspect in relation to the availability of the summary judgment and to the court's conclusion that no actual controversy existed about the facts between the parties. The fifth and last one assigns that the court committed error in rendering judgment in favor of plaintiff.

The applicable law to this controversy is Act No. 399 of May 10, 1951, which governs the practice of engineering, architecture, and surveying in Puerto Rico. Section 9 of said Act, as amended by Act No. 121 of June 8, 1967,[1] provides that as minimum satisfactory evidence to show that an applicant meets the qualifications for registration as licensed engineer, architect, or surveyor, or for his certification as graduate engineer or architect, the Board shall accept, as the case may be:

---

[1] From the original record it does not appear on what date appellee did make his application for the examination which was refused, whether before the amendment or after the amendment of June 8, 1967. For the purposes of this action, the amendment to § 9 by Act No. 121 of June 8, 1967, would not affect the situation.

"(1)  For graduate engineer or architect:

(a) *Graduation and examination.* Graduation from a course or curriculum of engineering or architecture, of a duration of not less than four academic years or its equivalent, whose efficacy has been adequately verified, in any university, college or institute whose standing and degree of proficiency are accepted by the Board, and the passing of written examination (validation) on the fundamental subjects of engineering or architecture."

The Regulations adopted by the Board of Examiners of Engineers, pursuant to § 6 of Act No. 399, and which have the force and effect of law insofar as they are in conformity with said Act and the statutes of Puerto Rico, provide (20 R.&R.P.R. § 686–16) that a certificate of graduate engineer or architect shall be issued to those persons who meet the following requirements:

"1—. . . . . . . .

"2—. . . . . . . .

"3—Have graduated from a course or plan of studies of engineering or architecture, the standing of which has been duly verified and accepted by the Board, and completing not less than four scholastic years or the equivalent thereof, in a college or university also recognized by the Board."

Section 686–31 of said Regulations, in relation to "Recognized colleges and universities," provides in its pertinent part:

"(i) A careful study shall be made of the engineering, architectural, and surveying curriculum of universities and colleges in other states of the Union and foreign countries, and if the studies thereof are equivalent in semester hours, subjects, faculty, laboratories, and examinations to the courses of those colleges recognized in the United States, the Board, in its discretion, may recognize the said colleges or universities."

Pursuant to the above-copied provisions of law and regulations, the trial court as well as this Court should assume that the Board that admitted to examination engineers

Manuel Cabiya, Andrés Cabiya, and Antonio Rivera, graduates from the Indiana Technical College, complied with the obligations of law and in admitting them to examination considered the efficacy and sufficiency of the courses of this institution. In the absence of allegations and evidence to the contrary, it cannot be inferred that the Board at that time acted in violation of the law or that it failed to comply with the order to evaluate and judge the efficacy and sufficiency of the courses taken in said college.

■ The position of the defendant Board to the effect that the actual members do not share the view of those members who admitted to examination said persons as a ground to refuse to admit appellee to examination is greatly mistaken. The valid acts and judgments of government institutions executed pursuant to the authority of law produce juridical effect irrespective of who the members of said institutions may be at a certain time. The contrary would be an invitation to chaos and instability in the order of law if it were held that the acts and judgments of public institutions have no greater force beyond the period of tenure of the persons who, pursuant to the law, produced said acts and judgments. As to the proper rule and in relation with this same Supreme Court, see footnote 2 of the decision of *Rivera v. Warden*, 80 P.R.R. 800, 805 (1958). *Cf. Arana v. Board of Examiners of Engineers*, 51 P.R.R. 297, 305 (1937), and *Romero v. Gore, Governor*, 46 P.R.R. 366 (1934).

■ It must be clear that the fact that the members of the defendant Board do not share the view of the ones who admitted graduates from the Indiana Technical College to examination, is not a valid justification, on that sole fact and without other considerations, to reject appellee's application to examination.

■ On the other hand, the record does not show any information whatsoever as to when this petitioner studied

at Indiana Technical College and when he received his degree from said college. It is beyond question that the Board has the power and authority to determine whether a college whose graduates have been admitted to examination has subsequently suffered such devaluation as to warrant that its acknowledgment be withdrawn. Likewise, it may determine whether the existing curriculum prior to the ones studied by the graduates admitted to examination met equal requisites of sufficiency and efficacy.

■ The Board was correct in supporting the unavailability of a judgment to be summarily rendered on the ground that an actual controversy of fact did not exist. What has been previously stated confirms that such controversy existed. And although the Board was not completely faced with the petition for summary judgment pursuant to the requirements of the Rules, the existence of a real controversy arises from the same documents which appellee attached to his petition for judgment.

Under the foregoing circumstances, the judgment rendered summarily by the Superior Court, San Juan Part, will be set aside and the case remanded in order that it be fully elucidated, at a live trial, whether appellee approved at the Indiana Technical College courses equal or equivalent to the ones approved by the engineers who were admitted, and whether or not he is in the same position as the persons previously admitted, in order to claim his right to be admitted to examination and that the Board may substantiate its denial on grounds other than not sharing the view of some previous members thereof, and for the consideration of any other ground which may be necessary for a just decision of the controversy.

Mr. Chief Justice Negrón Fernández did not participate herein.